# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# MISC. CASE NO. 1:13-mc-00021-MR-DLH

|   |   |   |
|---|---|---|
| IN RE:     ASBESTOS-RELATED LITIGATION | ) ) ) ) ) ) ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* in order to more efficiently administer asbestos cases filed in the United States District Court for the Western District of North Carolina.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Initial Pre-Trial Order Coordinating Proceedings, No. WDCP-83-1, entered March 17, 1983, and the Supplemental Order thereto, entered August 4, 1989, are hereby **SUPPLANTED** by the present Order and are no longer in effect.

2. All cases in the United States District Court for the Western District of North Carolina in which the plaintiff or plaintiffs claim damages for alleged exposure to asbestos or asbestos-containing products ("asbestos cases") shall be subject to this Order.

3. Unless otherwise specified or provided for in this Order, all discovery and pretrial proceedings in asbestos cases shall be governed by

and pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, this Order, and the Pretrial Order and Case Management Plan entered by the Court in each individual case.

4. All asbestos cases shall be referred to the Magistrate Judge for pretrial proceedings.

5. In accordance with the Order entered February 24, 2005, entitled <u>In re: Single-Plaintiff Asbestos Cases</u>, Misc. Case No. 1:05-mc-00011-LHT, each asbestos case filed in the United States District Court for the Western District of North Carolina will consist of a single plaintiff, with the exception of (a) complaints filed by a husband and wife for claims arising out of the same occurrence or transaction and (b) complaints filed by or prosecuted by the personal representative of a deceased person or an estate, which may be filed together with the claim of the spouse of the deceased or the claim of the personal representative of such spouse.

6. A plaintiff filing an asbestos case may, simultaneously with the filing of the complaint, file a motion *ex parte* seeking an Order from the Court compelling the production of any necessary pathology materials from a medical facility or health care provider. A sample order compelling the production of pathology materials is attached hereto and is also available through the Court's website at http://www.ncwd.uscourts.gov.

7. Any party who obtains pathology materials during the course of litigation, pursuant to Court Order or otherwise, shall be required to preserve such materials and not engage in any destructive testing of the same without the consent of all parties in the case or Court approval.

8. Crossclaims for contribution by and between defendants shall be implied. All crossclaims for contribution, whether implied pursuant to this Order or expressly asserted, shall automatically be deemed denied, and no Answer to such crossclaims need be filed. If a defendant expressly asserts a crossclaim for indemnity against one or more defendants based upon a written or oral contract, however, then the defendant or defendants who are the subject of such a crossclaim shall file an Answer to the crossclaim within twenty-one (21) days of being served with the crossclaim.

9. If an Amended Complaint is filed, any Answer filed by a defendant to the original Complaint shall be deemed adopted as an answer to the Amended Complaint. No filing of an adoption of the original Answer is necessary. Any additional allegations in an Amended Complaint are deemed to be denied unless a defendant files an Answer to the Amended Complaint stating otherwise. Nothing herein shall be construed to prevent any defendant from filing an Answer to an Amended Complaint in the event that such defendant in good faith believes such Answer is essential to

proper framing of the issues. Such filing, however, will not delay the joinder of issues, the obligation to conduct the initial attorneys' conference or the entry of the Pretrial Order and Case Management Plan.

10. There is no need for a defendant to serve its Answer or other responsive pleading upon another defendant who has not filed any Answer or responsive pleading unless the former defendant has expressly included a crossclaim against the latter defendant, although paragraph 9 above remains applicable. A defendant will have the obligation to check the ECF/PACER system to ascertain what other pleadings, orders, and documents have been filed prior to that defendant filing a responsive pleading.

11. Where a defendant files a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, the filing of such motion shall not prevent the joinder of issues. Thus, once all defendants have filed either an initial answer or other responsive pleading to the Complaint, and all cross-claims and counterclaims have been responded to, issues will be deemed joined and the parties will be required to proceed with the initial attorneys' conference pursuant to Local Rule 16.1, notwithstanding any pending Rule 12 motions to dismiss.

11. All filings with the Court should be double-spaced and in at least fourteen (14) point font. Where briefs are filed in support of motions, such briefs shall not exceed twenty-five (25) pages.

**IT IS SO ORDERED.**   Signed: July 12, 2013

Martin Reidinger
United States District Judge